UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:07-CV-207

UNITED STATES OF AMERICA                                               PLAINTIFF

v.

20.67 ACRES OF LAND, MORE OR
LESS, SITUATED IN CHRISTIAN
COUNTY, COMMONWEALTH
OF KENTUCKY, AND PATRICIA
FUQUA, et al.                                                          DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendant Patricia Fuqua's Motion in Limine to "Open and Close" (Docket #43). Plaintiff has responded (Docket # 49). This matter is now ripe for adjudication. For the following reasons, Defendant's Motion in Limine to "Open and Close" is GRANTED.

This is a condemnation action by the United States, pursuant to Federal Rule of Civil Procedure 71.1, in which the government seeks acquisition of an avigation easement over Defendant's property. Defendant's property is a 51.41 acre tract of land in Oak Grove, Kentucky. It is being acquired by the United States to "ensure that the approach and departure clearance zones into FCAA [Fort Campbell Army Airfield] remains safe for both pilots and the public." The easement concerns 20.67 acres of airspace above Defendant's property.

In this action, the jury must determine "just compensation" to be paid by the United States for its easement. The issue is a determination the fair market value of the land prior to the Court's December 21, 2007, Order which authorized the United States to take immediate possession of the avigation easement, and the fair market value of the land after the imposition of the easement. The difference between these two is the amount of damages. The burden is on the

landowner to prove the value of his land.  *United States ex rel. Tenn. Val. Auth. v. 137 Acres of Land, et al.*, 406 F.2d 1283, 1287 (6th Cir. 1969).

Defendant seeks an Order declaring she has the right to "open and close" with respect to opening statements, evidence during trial, and closing arguments.  Defendant asserts this right because she bears the burden of proof as to damages, as the landowner of the property in issue.  The United States also acknowledges that Defendant bears the burden of proof.  This Court has recognized a party's right to request opening and closing when that party bears the burden of proof.  *Wells v. Equitable Life Assur. Soc. of the United States*, 29 F. Supp. 144, 145 (W.D. Ky. 1939).  Other courts have applied the same reasoning.  *See, e.g.*, *Anheuser-Busch, Inc. v. John Labatt Ltd.*, 89 F.3d 1339, 1344 (8th Cir. 1996) ("Ordinarily, the trial court extends the privilege of opening and closing the case to the party that has the burden of proof."); *Moreau v. Oppenheim*, 663 F.2d 1300 (5th Cir. 1981); *Athridge v. Aetna Cas. and Sur. Co.*, 474 F. Supp. 2d 102 (D.D.C. 2007) (defendant entitled to open and close case where only issue in the case was one in which defendant bore the burden of proof); *L-3 Communications Corp. v. OSI Systems, Inc.*, 418 F. Supp. 2d 380 (S.D.N.Y. 2005).  The parties agree that the only issue in this case is the determination of just compensation and that the burden of proof falls upon the Defendant.  Therefore, the Court believes it is appropriate to allow Defendant to open and close.

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion in Limine to "Open and Close" is GRANTED.